IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LARRY WILLIAMS,**
　　**Plaintiff,**

vs.　　　　　　　　　　　　　　　　　　　Case No. 3:06cv436/LAC/MD

**JAMES R. MCDONOUGH, et al.,**
　　**Defendants.**
_____

## REPORT AND RECOMMENDATION

　　Plaintiff, an inmate of the Florida penal system proceeding *pro se*, has filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 25). Leave to proceed *in forma pauperis* was granted, and the initial partial filing fee has been paid. (Docs. 10, 11, 12 respectively).

　　Plaintiff is currently incarcerated at Walton Correctional Institution. His amended complaint concerns events occurring while he was confined at Florida State Prison ("FSP") in Raiford, Florida. Specifically, plaintiff claims defendants (DOC Secretary McDonough and several corrections officers at FSP) violated his Eighth and Fourteenth Amendment rights in connection with his work assignment and medical treatment for a work-related injury. As relief, plaintiff seeks monetary damages and medical treatment. (Doc. 25).

　　Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the amended complaint, it appears that this case should be dismissed as malicious.

On page six[1] of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*)[2] in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?"  Where there are parenthetical areas to mark either a "Yes" or "No" answer to Question (c), plaintiff marked "No."  (Doc. 1, p. 6 (E-10)).  The complaint form then directs the prisoner to describe each action, attaching additional pages if necessary.  Plaintiff disclosed no cases.  At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct."  (*Id.*, p. 8 (E-12)).  Plaintiff's signature is dated March 27, 2007.  Thus, plaintiff has in effect stated that as of March 27, 2007, he had initiated no other lawsuits in federal court that related to the conditions of his confinement.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  Further, in the light of 28 U.S.C. § 1915(g)[3], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision.  The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal

---

[1]Plaintiff has added his own page numbers to the complaint form.  Page 6 has been renumbered by plaintiff as page E-10.

[2]Questions (A) and (B) asked plaintiff whether he had initiated other actions in state or federal court dealing with the same or similar facts/issues involved in the present action.  Plaintiff answered "No" to both questions.  (Doc. 1, p. 5 (E-9)).

[3]Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

can be considerable.[4]

The Clerk has advised, and this court may take judicial notice, that prior to filing the amended complaint, plaintiff initiated at least one other civil action in this court relating to the conditions of his confinement.  On October 4, 2006 plaintiff filed in this court a civil rights complaint under 42 U.S.C. § 1983 against several of the same defendants.  He claimed that his Eighth Amendment rights were violated when prison officials failed to provide adequate medical care for a previous heart attack. *See Williams v. McDonough*, Case Number 3:06cv437.[5]  Plaintiff did not disclose this case in the instant complaint.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, plaintiff falsely responded to a question on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of all actions initiated prior to the filing of the instant complaint was required.[6]  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Therefore, this court should not allow plaintiff's false response to go unpunished.  The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.

---

[4]"[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted." *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

[5]This case may be positively identified as having been filed by plaintiff because it bears his Florida Department of Corrections' DC number:  558846.

[6]The complaint form expressly warns prisoners: "FAILURE TO DISCLOSE ALL PRIOR CIVIL CASES MAY RESULT IN DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL."  (Doc. 1, p. 5) (emphasis in original).

**Plaintiff is warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.** See *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (*pro se, in forma pauperis* prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED WITHOUT PREJUDICE as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 30th day of March, 2007.

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:06cv436/LAC/MD*